NORMAN BURNS V. THE STATE.

No. 20,611. Delivered November 22, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is violating the statute requiring that when an automobile strikes a person the driver shall stop and render the necessary aid; the punishment, confinement in the penitentiary for two years. See Art. 1150 Vernon's Tex. Ann. P. C.

While driving his automobile at night appellant struck and killed H. L. Martin, who was walking on the highway. According to the theory of the State, given support in the testimony, appellant failed to stop and render the aid required by the statute. It was appellant's version that he did not know that he had hit anyone until he had driven up the highway some distance; that after his daughter, who was riding with him in the car, told him that the accident had occurred he turned his car around and proceeded along the highway in an effort to find the victim of the accident; that he was unable to locate him; that he (appellant) immediately sought the officers and reported the matter.

It is shown in bill of exception No. 2 that in his argument the district attorney used language as follows: "If this defendant did turn around and come back like he said, that poor man was lying and dying in the ditch, not in bed with his wife, and I say that this defendant is more guilty than he would be if he had not stopped at all, and if this jury wants anybody from California or any other seaport to come here and kill poor cottonpickers they will have to turn this man loose."

It is shown in bill of exception No. 3 that in argument to the jury the district attorney employed the following language: "Gentlemen of the Jury, as long as I am district attorney I am going to protect this poor cottonpicker against this big Yellow Cab driver from California. I say he killed this poor cottonpicker and I am going to protect him."

Counsel for appellant objected to the foregoing remarks on the ground that they were calculated to prejudice the jury against the appellant and cause them to convict him "for killing a cottonpicker when he was on trial for failing to stop and render aid." The objection was overruled in each instance and the argument stood for the consideration of the jury. The opinion is expressed that the bills of exception reflect reversible error. In the case of Stalling v. State, 234 S. W. 914, the accused was on trial for failing to stop and render aid after striking and killing a person with his automobile. In concluding that an argument similar to that employed in the instant case was obviously prejudicial and required a reversal of the judgment, this Court said:

"State's counsel is quoted in his argument to the jury as saying:

" 'This defendant is guilty of one of the most damnable murders ever committed in Dallas County. His act in murdering Mrs. Byrd Patterson by running over her with an automobile shows him to be a man regardless of social duty.'

—— and, pointing his finger at the defendant, said:

" 'There sits the man who committed this murder. I know he is the identical man who did it.'

"Counsel for appellant promptly interposed objection to this argument, and verbally requested the court to instruct the jury to disregard it. The court apparently took no notice of this objection, and permitted the argument to proceed without interruption. Whether the language used by counsel in a given case is obviously of a nature to impair the rights of the accused or to improperly prejudice his case before the jury is manfestly a matter that must be determined upon the merits of each particular case. The language used, the issues involved, the attitude of the parties, and the result of the trial are all things which enter into the decision of the question. When the argument is of such a nature, it frequently happens that a reversal must follow from it, although, as in this case, there was no written request to charge the jury to disregard it. Smith v. State, 44 Tex. Cr. R. 142, 68 S. W. 995, 100 Am. St. Rep. 649;

Smith v. State, 55 Tex. Cr. R. 569, 117 S. W. 966; Flores v. State, 82 Tex. Cr. R. 107, 198 S. W. 575, and cases cited therein.

"In the instant case, the prosecution was not for the killing of Mrs. Patterson, but it was for the neglect or failure to do that which the dictates of humanity would have demanded, and which the statute required to alleviate the suffering of the injured woman. The statute did not contemplate punishment for the injury or for the death. These are matters which might have been involved had the prosecution been for murder or for negligent homicide. The purpose of the statute and its scope were well within the knowledge of counsel and of the court. The jury, however, was likely to lose sight of these matters and fasten their minds upon the fact that from the act of the accused the death of the deceased resulted, and assume that it was their duty to punish for the death and not for the failure to comply with the terms of the statute upon which the prosecution was founded. The language selected and used by counsel was calculated to emphasize this inclination of the jury. In fact, its obvious tendency was to divert the minds of the jury from the real issue, and to bring them to the belief that it was within their province and duty to punish the appellant for the death of the deceased. We cannot bring ourselves to believe that the language was other than inflammatory and obviously hurtful, and calculated to impair the rights of the appellant and prejudice his cause. The failure of the judge to take notice of it and to disavow its propriety may have impressed the jury with the idea that he approved it; that, by his silence in the face of the protest against it, he indicated his sanction."

Upon another trial we think appellant's defensive theory should be submitted in substantially the language appellant sought to have it submitted.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's motion for rehearing in this case attacks the bills of exception upon which the original opinion was predicated as being insufficient. The contention is that the bills of exception

do not meet the requirements necessary to present the matter, and that the facts warranted the arguments complained of. In other words, as presented, the bills of exception do not meet the requirements in their form and contents, and that even if they did, the facts of the case warrant the arguments complained of. We have examined the authorities relied upon by the State and have reached the conclusion that the bills of exception are sufficient to present the objections to the arguments of counsel under the holdings of this court.

We are further of the opinion, after a careful re-examination of the record, that the original opinion properly deals with the bills and sufficiently shows that the arguments were not justified under the facts. The prosecuting attorney, in the statements complained about, is quoted in the bills as saying: "I say that this Defendant is more guilty than he would be if he had not stopped at all, and if this Jury wants anybody from California or any other sea port to come here and kill poor cotton pickers, they will have to turn this man loose."

The attorney, in this inflammatory statement, was telling the jury either his conclusions of the law or of the facts, and did it in a manner that was calculated to so impress the jury. Again, by Bill No. 3, we are informed that the attorney said, "I say he killed this poor cotton picker, * * * * *."

It will be observed, as treated in the original opinion, that the appellant was not being tried for murder, and even so, the district attorney did not testify, and his argument amounted to an assertion of a fact which would have been an issue in the case. We are unable to agree that it was harmless, and consequently, both the reasoning and the conclusion reached in the original opinion will be adhered to.

The State's motion is overruled.