JOHN WILLIAM MOORE, JR. V. STATE.

No. 26,186.  February 4, 1953.

*J. D. Crow,* Canadian, *Don Cain* and *Curtis Douglass,* both of Pampa [By Don Cain] for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving while intoxicated; the punishment a fine of $400.

The state's proof is sufficient to show that appellant was intoxicated and that his automobile struck a culvert on its left hand side of the highway leading from Pampa to Miami. Proof that appellant drove his automobile while he was so intoxicated rests upon circumstances alone, and the jury was charged on the law of circumstantial evidence.

Newt Secrest, the first witness for the state, testified that at about 11:15 P.M. he was on the highway in question, some twelve miles from Pampa, when he observed a car which had run into a culvert. Appellant was near the car "flagging" him down. The right back wheel and bumper were on the highway, and the witness and appellant, who appeared to be hurt, were unable to move the car until another state's witness, Russell West, arrived. The three succeeded in getting appellant's car off the road.

No statement appears to have been made by appellant to the effect that he was driving the car prior to the collision, or that he was traveling alone, or that in fact he was in the car when it collided with the culvert. Nor was it shown by any testimony that appellant had been driving the car at any time that night.

We agree with appellant's contention that the evidence is insufficient to sustain a finding that appellant drove the automobile while intoxicated.

The evidence strongly suggests that appellant ran his car into the culvert but the hypothesis that some one other than appellant drove the car and left the scene after the collision and prior to the arrival of Mr. Secrest is not excluded.

The evidence being deemed insufficient to sustain the conviction, the judgment is reversed and the cause remanded.