LUTHER JEETER TEAGUE V. STATE

No. 27,064. June 26, 1954
On the Merits October 13, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 24, 1954

*Jouette M. Bonner*, Jacksboro, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving an automobile upon a public highway while intoxicated.

The record recites that appellant gave notice of appeal and entered into a recognizance with two named sureties, which was entered of record, but the recognizance or bond on appeal is not found in the transcript.

The clerk, in preparing a transcript, is required to include all the proceedings had in the case.

If the recognizance contained no more than shown in this transcript it was not in compliance with Art. 831, V.A.C.C.P., and did not confer jurisdiction on this court.

If appellant in fact entered into a recognizance in the terms of said Art. 831, V.A.C.C.P., or enters into a proper appeal bond, such may be shown by supplemental transcript and he may, within fifteen days, file a motion to reinstate the appeal.

The appeal is dismissed.

#### ON MOTION TO REINSTATE THE APPEAL

MORRISON, Judge.

The record has been perfected, and the case will now be considered on its merits.

The sole question presented for review is the sufficiency of the evidence to show that the appellant was the driver of the vehicle in question.

One Pool and his wife testified that on the night in question they observed a pickup truck being driven in an erratic manner and took the license number thereof, which they reported to Highway Patrolman Wood. They stated that there was only one man in the pickup, but because of darkness they were unable to identify the appellant as being that man.

One Haley testified that on the night in question he came upon a pickup truck in a bar ditch which appeared to have hit a culvert and turned over. Haley stated that the appellant was standing near the wreck and that no one else was in the vicinity, that he asked appellant if he was hurt, and the appellant replied, "No, I am just drunk." Haley stated that he took the appellant to Jacksboro and let him out at the Buckhorn Service Station and said that in his opinion the appellant was intoxicated.

Highway Patrolman Burns testified that, in company with Officer Wood, he went in search of the pickup bearing the number given them by Mr. Pool, that they found it turned over in a bar ditch, that he recalled having seen the appellant driving that particuplar pickup truck some time before and so he radioed Officer Riggs to locate the appellant. Burns stated that less than thirty minutes elapsed between the time he was notified and the time he saw the appellant in the custody of Officer Riggs and stated that in his opinion the appellant was intoxicated.

Officer Riggs testified that on the night in question, in response to a radio message from another officer, he went in search of the appellant and found him in the Buckhorn Service Station and that upon being interrogated the appellant stated that he had been "by himself out on the highway when he had his accident." Riggs stated that the appellant expressed a desire to go where the wreck was and that as they proceeded in that direction they met the highway patrol car. Riggs testified that in his opinion the appellant was intoxicated.

The appellant did not testify and offered no evidence in his behalf.

It will be seen from the above that only one person occupied the pickup truck which was involved in the wreck, that the appellant was seen standing nearby, that no one else was in the vicinity of the wreck, that appellant had been seen driving the pickup truck in question previously, and that the appellant stated to the arresting officer that he had been by himself out on the highway when he had his accident. These facts, we conclude,

distinguish this case from Moore v. State, 158 Texas Cr. Rep. 234, 254 S.W. 2d 520, and sustain the conviction herein.

The judgment is affirmed.