ROBERT KELLEY V. STATE.

No. 28,487. October 24, 1956.

*Zachry, Arnold & Jones,* by *W. M. Zachry,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated upon a public highway, with punishment assessed at a fine of $100.

The state's witness Walton was awakened from his sleep by the noise of an automobile collision. He testified that he dressed quickly and went to the scene. There he found appellant sitting

in his (appellant's) automobile in the middle of the front seat, "not under the steering wheel of said car, but more to the right-hand side" of the seat. Appellant was in a drunken condition. The left front door of the automobile was open. Upon being questioned by Walton as to what had happened, appellant replied, " 'they are gone,' " or " 'they are not here anymore.' "

Some ten minutes thereafter peace officers arrived and took appellant into custody.

The physical evidence showed that the appellant's car had collided with and struck an automobile belonging to Walton and which was parked on the opposite side of the street.

The appellant did not testify. He proved by the witness Mc-Coy that a short time prior to the collision he (appellant) was bodily carried and placed in his automobile because he was unable to walk. The witness expressed the opinion that appellant could not have driven the automobile for the reason that he could not sit up.

The sufficiency of the evidence to support the conviction is challenged.

The case of Moore v. State, 158 Tex. Cr. R. 234, 254 S.W. 2d 520, supports that challenge.

We are constrained to agree that the state did not disprove the outstanding hypothesis that the car could have been driven by another person—which hypothesis was definitely raised both by appellant's res gestae statement placed in evidence by the state and by the testimony showing his physical inability to drive the automobile.

To be sufficient to convict on circumstantial evidence the proof must be stronger than a mere suspicion or probability.

In his brief, our state's attorney confesses the insufficiency of the evidence to support the conviction.

For the reasons stated, the judgment is reversed and the cause is remanded.