R. C. TURNER v. STATE

No. 28,752. January 9, 1957.
Appellant's Motion for Rehearing Overruled
March 13, 1957.

*Robert K. Ramsey* and *Fred V. Meridith,* Terrell, for appellant.

*Wayne Pearson,* County Attorney, Kaufman, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, six months in jail and a fine of $400.

The sufficiency of the evidence to support the jury's finding that appellant drove a motor vehicle upon the occasion in question is challenged, as is the sufficiency of the evidence to show that he was at the time intoxicated.

Witnesses who were at a garage across the four-lane highway heard a collision and, upon looking out, saw that a Plymouth automobile had collided with and "run under the back of a parked truck."

Appellant was identified as the person who was seated under the steering wheel of the Plymouth. "The wheel was just laying over in his lap." No other person was in the car and no one was seen in or around the automobile or truck at that time.

There was evidence to the effect that appellant's face was "scratched up with that windshield where it had been broken out" and that it would have been "might near impossible for anyone to have survived had he been seated on the other side."

The case was submitted to the jury on circumstantial evidence, and the evidence mentioned is deemed sufficient to sustain the jury's finding that appellant was the driver of the Plymouth automobile involved in the collision.

Veteran Officer John Boston, of the Terrell Police Force, investigated the collision; took appellant to a doctor's office and later to jail. He testified to his long acquaintance with appellant and his experience in observing intoxicated persons and expressed the opinion that appellant was drunk. He testified, in part: "With all due respect to R.C. 'cause I still consider him a good friend of mine, he just wasn't R.C. He smelled of liquor

and he didn't talk right and I kept him out long enough to find out if maybe something else was doing that, but I kept him out long enough to make my mind up myself talking to him, just for a reason, to see if R.C. was drunk in my opinion and he was 'cause it just wasn't R.C."

George King, also a member of the Terrell Police Force, saw appellant at the scene of the collision and testified that he was staggering; that he was acquainted with appellant and had talked with him on previous occasions, and that at the scene of the wreck he "talked at random." King expressed the opinion, based upon his observation of appellant and his long experience in observing drunks, that appellant was intoxicated.

Chief of Police Richie, who had known appellant for twenty years, observed him at the jail some hours after the wreck and expressed the opinion that appellant was at that time intoxicated, as did State Highway Patrolman Barton who also observed appellant some 45 minutes after the collision.

The only other witness who testified on the question of appellant's condition of sobriety was the witness Flatt who heard him say nothing and did not detect any odor about his breath. Mr. Flatt declined to express an opinion that appellant was intoxicated or that he was sober.

The jury resolved the issue against appellant who did not testify or offer witnesses on the subject, and we find the evidence sufficient to sustain the jury's finding that appellant was intoxicated.

In the amended motion for new trial and the juror's affidavit attached thereto the juror states that he was inclined to believe that the fact that appellant failed to testify contributed to the verdict of guilty and the heavy punishment assessed, and that he himself took into consideration his failure to testify. There was no allegation supported by affidavit that the failure of the defendant to testify was discussed or mentioned by any juror during their deliberations.

The trial court did not err in refusing to permit the juror to impeach his verdict. Randall v. State, 121 Texas Cr. Rep. 563, 49 S.W. 2d 819.

The court also did not err in declining to hear testimony offered for the purpose of attempting to establish jury mis-

conduct which was not alleged in the motion for new trial and supported by affidavits. Hill v. State, 153 Texas Cr. Rep. 105, 217 S.W. 2d 1009.

There are a number of bills which complain of remarks of the attorney representing the state, none of which show error of a nature that would justify reversal of the conviction.

The evidence is deemed sufficient to sustain the conviction and we find no reversible errors.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In our original opinion, we did not discuss the bills of exception relating to argument. Upon the insistence of appellant's esteemed counsel, we shall do so now. The argument in each bill will be set forth and numbered serially:

1. "Gentlemen, this man right here, R. C. Turner, was the one driving that automobile."

2. "This case is five seconds away from a direct evidence case. Gentlemen, I think you know what I mean when I say it was a five second case."

The objections to this argument were that it had no basis in the record. Jack White testified that he was in a garage across the street from where the collision occurred when he heard the noise thereof, that he went to the door of the garage and looked across the street within five seconds, and there saw the appellant seated under the steering wheel of the automobile which had had a collision with a truck. He stated that he saw no one in the truck and no other person in the automobile.

The statement of the prosecutor in the case at bar is far different from that found in Burns v. State, 138 Texas Cr. Rep. 254, 135 S.W. (2d) 109. In that case, prosecutor said, "*I know* he is the identical man who did it." The Burns case is nearer to Alford v. State, 158 Texas Cr. Rep. 632, 258 S.W. 2d 817, wherein we reversed the conviction because the prosecutor said, "I and the officers decided that he was guilty." There is nothing in the statement here that would lead the jury to believe that

the prosecutor had any more information about the matter than they did and is therefore not reversible error.

3. "I say to you, Mr. Ramsey (one of appellant's counsel) has said that he doesn't think much about circumstantial evidence cases. If he doesn't, he has changed recently. I have tried a number of cases with him," and following an objection, "You testified you did not like them, Mr. Ramsey." The court qualified the bill by setting forth Mr. Ramsey's prior argument, a part of which is as follows: "Now I've never been much of a circumstantial evidence man." From the argument set forth above, it appears that the prosecutor was headed outside the record but that the appellant's objection cut him off. We could hardly say that this was striking at the appellant over the shoulders of his counsel, as was denounced in Summers v. State, 147 Texas Cr. Rep. 519, 182 S.W. 2d 720, upon which the appellant relies.

4. "A reasonable doubt is a doubt based on reason. It's just that simple." Appellant's objection was sustained, and the prosecutor continued: "Gentlemen, apparently you are not going to get the benefit of what a reasonable doubt means." While the prosecutor in good taste should not discuss with the jury the effect of the court's rulings, we are at a loss to determine how his remarks could have injured the appellant. In Goodman v. State, 118 Texas Cr. Rep. 636, 39 S.W. 2d 893, relied upon by the appellant, the prosecutor said, "It looked funny that the defendant's attorney would not allow me to show who actually owned the car," while referring to his unsuccessful efforts to prove an extraneous offense. We cannot bring ourselves to conclude that the Goodman case is here controlling.

5. "Reference has been made to a blood test. Of course there is no evidence that a blood test was or was not taken in this case and Mr. Ramsey knows that if we had taken one that we couldn't have introduced it in evidence because we have no chemist to do it. Mr. Ramsey knows we can't get witnesses from Austin if we have a blood test."

The court's qualification of the bill shows that Mr. Ramsey in his prior argument had said, "Where is your blood test? Where is your balloon test?"

Appellant relies upon Roark v. State, 161 Texas Cr. Rep. 380, 277 S.W. 2d 722. It should be noted that we affirmed the conviction in that case. While we did not say that the argument

had been invited in the Roark case, it is apparent from the opinion that we might have properly said so. See also McDonald v. State, 163 Texas Cr. Rep. 244, 289 S.W. 2d 939.

6. "Gentlemen, in the absence of a blood test and there is no evidence in this case that we have any and frankly we don't and I told you why we don't. The only thing we can rely on * * *" and, following appellant's objection, "It is in answer to Mr. Ramsey's argument * * * * He asked me, your honor, and I'm telling him."

The court sustained the appellant's objection, instructed the jury not to consider the argument, and qualified the bill as he did the last. The bill recites that there was no evidence in the case that a blood test *was or was not* taken.

There was no intimation in Hickerson v. State, 162 Texas Cr. Rep. 446, 286 S.W. 2d 437, relied upon by the appellant that the argument was invited or was in reply to any of the argument of appellant's counsel, as we have in this case, and therefore could not be controlling here.

In our original opinion, the facts were stated in the light most favorable to the state in order to sustain the jury's verdict. In connection with this question, the appellant urges several recent opinions of this court. They will be discussed.

In Spinks v. State, 157 Texas Cr. Rep. 612, 243 S.W. 2d 173, the accused and his witnesses testified that immediately prior to the collision one Bowman had been driving the appellant's automobile. We held, in view of this testimony, that the evidence was insufficient because the state had no witness who had seen the accused under the wheel and because the state failed to call Bowman. In the case at bar, the witness White saw the appellant seated under the wheel within five seconds after he heard the noise of the collision.

In Moore v. State, 158 Texas Cr. Rep. 234, 254 S.W. 2d 520, there was no proof as to when the accused's automobile had collided with the culvert. When the first witness arrived upon the scene sometime later, the accused was outside the automobile. We have concluded that the time element distinguishes the cases.

In Kelley v. State, 163 Texas Cr. Rep. 531, 294 S.W. 2d 404, the accused was found seated in the middle of the front

seat and the left door of the automobile was open after the first witness had dressed himself and gone to the scene. The accused further offered evidence that he was in such a condition shortly prior to the accident that it would have been highly improbable that he might have driven his automobile at all.

In Ramirez v. State, 163 Texas Cr. Rep. 109, 289 S.W. 2d 251, the serious question was whether or not the state had shown that the accused was intoxicated. On rehearing, we reversed the conviction, with one judge dissenting, because the state failed to question two highway patrolmen who saw the accused shortly after the collision as to whether or not the accused was intoxicated.

In the case at bar, three city policemen and one highway patrolman, all the persons from whom the state might expect to get favorable testimony who were shown to have seen the appellant, testified that in their opinion he was intoxicated.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.