NO. 07-06-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 11, 2006

_____


THERESA A. SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409498; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty Appellant, Theresa A. Smith, was convicted by a jury of driving while intoxicated, a felony, and sentenced to four years confinement. By a single point of error, she contends the trial court erred by failing to grant a directed verdict when

the evidence was legally and factually insufficient to establish she operated the vehicle.[1] We affirm.

## Background

Appellant was arrested after a witness observed her vehicle hit an obstruction in a parking lot. The witness, Barry Malone, testified that on the night of August 19, 2004, he and his wife were approaching an access road in South Lubbock when they noticed a vehicle in an adjacent parking lot driving in their direction. As they continued to watch, the vehicle drove into a group of trees and came to an abrupt stop. Malone immediately called 911 and drove back to the parking lot to check on the driver. As he approached, he realized that the vehicle had struck a tree and saw that the driver's side door was obstructed by foliage. He peered into the passenger side window and observed Appellant in the driver's seat with her head resting on her arms on the steering wheel. When he yelled to get her attention, she leaned back and replied "I'm okay." Malone testified that Appellant did not appear to be injured but seemed "disoriented" and "disheveled." He then returned to his vehicle and waited for the police to arrive.

Lubbock Police Officer Brady Lewis testified he arrived on the scene and observed a silver Toyota Four Runner parked "in-between quite a few trees." Unable to access the

---

[1]Although Appellant challenges the trial court's denial of her motion for directed verdict, she also argues the evidence is both legally and factually insufficient to support her conviction. Thus, in the interest of justice, we will apply both standards in our analysis.

driver's side door, he opened the passenger side door and found Appellant asleep in the driver's seat. When Lewis asked her whether she had been involved in an accident, she replied "no" and told him she wasn't driving. Lewis immediately detected strong odor of an alcoholic beverage on her breath and noticed that her eyes were bloodshot and her speech was slurred. Appellant admitted that she had drank six beers. Lewis then administered three field sobriety tests and, based on his observations, arrested Appellant for driving while intoxicated. Malone and Lewis both testified for the State at Appellant's jury trial. Appellant did not testify. At the conclusion of the State's evidence, Appellant moved for directed verdict claiming the State failed to prove she was operating the vehicle. The motion was denied, and she was subsequently convicted of the offense.

By her sole point of error, Appellant contends the trial court should have granted her directed verdict because the only evidence regarding whether she operated the vehicle was the fact that she was found asleep behind the wheel when the vehicle was at a complete stop. She contends this evidence is legally and factually insufficient to support the jury's verdict. We disagree.

Law and Analysis

The standard of review with respect to a trial court's failure to grant a directed verdict is the same as that applied in reviewing the sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990). When both the legal and factual sufficiency of the evidence are

3

challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is proved beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). When conducting a legal sufficiency review we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); McKinney v. State, No. PD-594-05, PD-595-05, PD-596-05, 2006 WL 3302834, at *1 (Tex.Crim.App. Nov. 15, 2006). We conduct this analysis by considering all the evidence–whether proper or improper–so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). The standard of review is the same for both circumstantial and direct evidence. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). We must uphold the verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence, we review all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). We

4

must determine, after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004 ), *overruled in part,* Watson v. State, No. PD-469-05, 2006 WL 2956272, at *10 (Tex.Crim.App. Oct. 18, 2006). We cannot reverse a conviction and order a new trial unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 2006 WL 2956272, at *10. Furthermore, we cannot conclude that appellant's conviction is "clearly wrong" or "manifestly unjust" simply because, based on the evidence presented, we disagree with the jury's verdict. *Id.*; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

In order to obtain a conviction for driving while intoxicated, the State must prove a defendant 1) was intoxicated 2) while operating a motor vehicle 3) in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). Here, Appellant does not contest that she was intoxicated and in a public place. Instead, she only challenges the State's evidence pertaining to whether she operated the vehicle. Although the term "operate" is not statutorily defined, operation of a motor vehicle is found when the totality of the circumstances demonstrates that the defendant took action to affect the functioning of a vehicle in a manner that would enable the vehicle's use. Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995); Barton v. State, 882 S.W.2d 456, 459 (Tex.App.--Dallas 1994, no pet.).

The State's evidence regarding Appellant's operation of the vehicle consisted solely of the testimony of eyewitnesses Barry Malone and Officer Brady Lewis. Malone testified that he observed the vehicle moving through the parking lot and saw it strike a tree; however, on cross-examination, he admitted he could not see who was in the vehicle until it was stopped and he was able to look through the passenger side window. He estimated that it took less than forty-five seconds from the time he first saw the vehicle until he was able to turn around and check on the driver. Malone did concede that during this time, Appellant's vehicle "was out of [his] view at some point." Officer Lewis also admitted that he did not see appellant operate the vehicle; however, he did state that when he arrived, she was the only person in the vehicle and she was "passed out asleep" on the steering wheel. Both men testified that they were unable to access the driver's side door due to foliage and trees. Malone concluded that it would have been "very difficult" for someone to have exited the vehicle on the driver's side. The State maintains this circumstantial evidence is sufficient to show Appellant was the only person who could have operated the vehicle.

On the other hand, Appellant claims the evidence "raises the hypothesis that another person could have operated the vehicle." Appellant maintains that, while witnessing the incident, Malone and his wife made "present sense statements" suggesting that there was more than one person in the vehicle. In addition, Appellant directs us to her statement to Lewis that she wasn't driving. She argues the evidence does not reflect whether the vehicle was running, whether it was in gear, whether the vehicle's taillights

6

were on, or the location of the vehicle's keys. She also cites the fact that she had no visible seat belt or facial injuries as proof that she was not operating the vehicle when it struck the tree. Citing Kelley v. State, 163 Tex.Crim. 531, 294 S.W.2d 404 (1956), and Miller v. State, No. 08-03-00268-CR, 2005 WL 427504 (Tex.App.–El Paso Feb. 17, 2005, no pet.) (not designated for publication), Appellant contends the State failed to disprove the hypothesis that the vehicle could have been driven by another person and failed to prove that she operated the vehicle. We disagree.

Neither *Kelley* nor *Miller* is factually analogous to lend support to Appellant's position. In *Kelley*, the defendant was found intoxicated in the passenger seat of a wrecked automobile with the driver's door open. *Kelley*, 294 S.W.2d at 404. When questioned, the defendant replied, "they are gone" or "they are not here anymore." *Id.* The Court of Criminal Appeals held that the State did not disprove the hypothesis that another person could have driven the vehicle and found the evidence insufficient to support a conviction for driving while intoxicated. *Id.* at 404-05. Moreover, the State is not required to exclude every other reasonable hypothesis other than the guilt of the defendant. Geesa v. State, 820 S.W.2d 154, 156 (Tex.Crim.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000). In *Miller*, the El Paso court found the evidence to be legally and factually sufficient where the defendant was found asleep behind the wheel of his vehicle that was parked in the middle of the road with the engine running. *Miller*, 2005 WL 427504, at *5.

In Appellant's case, there is no evidence in the record which suggests anyone other than Appellant operated the vehicle. In fact, the evidence indicates that it would be unlikely, if not illogical, that some unknown driver would switch places with Appellant, exit through the passenger side door, and flee the scene in the forty-five seconds it took for Malone to return to the scene of the collision. The jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. *Cain*, 958 S.W.2d at 410. Viewing the totality of the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that Appellant was the sole operator of the vehicle. Therefore, the trial court did not err in denying Appellant's motion for directed verdict. We further conclude the evidence is not so weak or so against the overwhelming weight of the evidence as to render the jury's verdict to be clearly wrong and unjust. Appellant's point of error is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

8