JOSEPH IVAN SPINKS V. STATE

No. 25442. October 31, 1951.

Hon. Roger Garrett, Judge Presiding.

*T. R. Odell,* Haskell, and *Thomas L. Blanton,* Albany, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for driving while intoxicated with a fine of $50.00 and ten days in jail.

The appellant is charged with driving a motor vehicle on a highway in Jones County while intoxicated, on the 24th day of February, 1951. Apparently there is no contest of the charge of being under the influence of intoxicating liquor, and the principal question presented on the appeal is whether or not the state introduced evidence to support a finding that appellant was the driver of the car.

The evidence and all of the evidence on this subject is found in the following statement by George Newell, Constable, in the town of Lueders. "They hit a big sign post—a Texaco sign. Spinks' car hit that sign post. The reason I went down to investigate was that I heard a crash and went down there. When I got there, I saw Spinks coming out of the car on the left hand side—under the steering wheel. I got to the wreck as fast as I

could. I was walking. Mr. Spinks was coming out of the driver's side of the car."

The following testimony is given on cross-examination: "I saw Mr. Spinks getting out of the car on the left hand side. I don't remember who was there. When I saw Mr. Spinks, he was holding the door. I didn't see him drive this car. I don't know who was driving the car at the time."

The defendant testified that he was not the driver of the car which he said was driven by Bunkey Bowman when it ran into a post in Lueders. A lady testified, in his behalf, that she passed appellant and Bowman who were parked by the side of the road and saw them getting into their car with Bowman on the driver's side. Immediately thereafter they passed her, driving much faster, and that when she came up to the scene of the wreck the parties had left the car. There is other evidence to the same effect. Another witness testified that when the wreck occurred Bunkey Bowman fled from the scene and went toward the depot. Bowman was not called as a witness in the case either by appellant or by the state.

The quoted evidence is insufficient to show that appellant was the driver, in the absence of other circumstances which we do not find in the case. The state makes the argument that because defendant did not call Bowman the presumption will rest that he would not support appellant's defense. The constable testified that he knew Bunkey Bowman and it occurs to us that if he would make a witness in behalf of the state he might have been called. We see no reason why either side may claim a supporting presumption.

Because the evidence is insufficient to show that appellant was the driver of the car, the jury's verdict is not supported. The judgment is reversed and the cause is remanded.