WILLIAM STEWART THOMAS, JR. V. STATE

No. 27,709. October 19, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 7, 1955

*Thurman Lee Mulhollan,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment is assessed at a fine of $150.00 and six months in jail.

The facts are undisputed that on the night of October 9, 1954, a Buick automobile occupied by the witnesses, Bill Boyd and

Mary Sue Ferguson, while traveling west on Gollihar Road in the city of Corpus Christi, was involved in a collision with a Studebaker automobile traveling east on the same road. Appellant was present at the scene of the wreck immediately after the collision; and the testimony of Boyd and Miss Ferguson, and of the officers who investigated the collision, shows that appellant was at such time under the influence of intoxicating liquor.

Appellant insists that the evidence is insufficient to establish that he was the driver of the automobile at the time and place in question.

In the light of such contention, we shall examine the evidence on this question.

The witness Boyd testified that after the collision he saw appellant "slumped over the steering wheel of the Studebaker" and that no one else was in the car. He further testified that as he and Miss Ferguson had just gotten out of their car after the collision, the appellant walked up and said, "I am sorry."

Miss Ferguson testified that after the collision and after she had gotten out of the car, the appellant came up to her and said he was sorry it happened.

The state's witness, Walter Wermelduss, testified that he was traveling on the Gollihar Road, and after he passed a car in which he could see only one occupant through his rear view mirror, he saw the car collide with another vehicle; that he turned around and went to the scene, and, as he was assisting Boyd out of his automobile, the appellant came around "from behind his car . . . "

We deem the evidence sufficient to show that appellant was the driver of the automobile in that the testimony shows that he was in the car slumped over the steering wheel after the collision and that no other person was in the automobile with him either immediately before or after the collision. This conclusion is supported by the reasoning in the recent case of Hughes v. State, 161 Texas Cr. R. 300, 276 S.W. 2d 813.

The case of Spinks v. State, 156 Texas Cr. R. 418, 243 S.W. 2d 173, relied upon by appellant, is not controlling here because in that case there was testimony that another person was seen in the automobile with the accused before the wreck and that such other person was on the driver's side of the car.

Appellant next insists that the court erred in refusing to declare a mistrial because of the admission in evidence of certain testimony of Officers Fain and Matlock which inferred that he had been given a "walking test" and testimony as to the results of the test.

The record shows that Officer Fain, while describing appellant's actions after the collision, testified:

"I asked the defendant to get out of the car and was going to give him a walking test, and he couldn't even walk."

Appellant objected to this testimony on the ground that the evidence of such test was inadmissible because secured in violation of Article 1, Section 10, of the Constitution of Texas, which provides that the accused shall not be compelled to give evidence against himself.

Upon the overruling of the appellant's objection the witness further testified:

"When he stepped out of the car, he couldn't stand up. I saw he couldn't walk, and I just helped him back in the car."

Officer Matlock, when asked on what he based his opinion that the appellant was drunk, testified:

"His speech; he couldn't get out of the patrol car without help; he couldn't get in the paddy wagon without help; he couldn't walk a straight line."

Appellant re-urged his objection to such testimony on the ground that it inferred that a test had been given, which objection was by the court overruled.

The record shows that later in the trial the court reversed his ruling on the admissibility of the testimony objected to by the appellant, and after overruling the appellant's motion for a mistrial, because of the admission of such testimony, instructed the jury as follows:

"At this time you are instructed to disregard any testimony given by Officer Fain relative to any walking test insofar as that entered into the testimony here. You are not to consider that for your deliberations; any matters concerning walking tests or testimony to that effect."

We are of the opinion that the testimony objected to does

not disclose that appellant was compelled to submit to a "walking test," but, on the contrary, the testimony of Officer Fain shows that no such test was made. In view of this and the court's instruction to the jury to disregard any testimony concerning the "walking test," no error is reflected in the action of the trial court in overruling the motion for a mistrial.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the court.