### L. P. SANDFORD V. STATE

No. 31,530. March 16, 1960

Motion for Rehearing Overruled April 20, 1960

*Jim Crow,* Canadian, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $150.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction.

The state's witness Longhofer testified that he lived on 7th Street in the City of Canadian and that on the night in question he was awakened when his son came to his room around midnight and told him that there was a car sitting out against the house in the yard; that he proceeded to go outside and found an automobile sitting against the northeast front corner of the house in which the appellant was seated on the driver's side under the steering wheel with his head slumped down toward the back of the cushion; that at such time the appellant appeared to be unconscious but that when he "woke up" after the city marshal and doctor had arrived on the scene he became very belligerent and began cursing and trying to fight. The witness expressed his opinion that at such time the appellant was intoxicated. He further stated that when he first observed the appellant behind the steering wheel he had a cut on his nose with blood on his face and his glasses were broken; that the steering wheel of the automobile was bent, the motor was still warm, the ignition was on and the air conditioner running. He further testified that from the tire marks on the curb and tracks made by the automobile from such point to where the automobile struck the corner of the house it could be determined that the automobile was traveling on 7th Street before it crossed over the curb and entered the yard. The witness further testified that on such occasion there was nothing to indicate that any other person had been present in the automobile with appellant.

Officer Crawford, who went to the scene and placed the appellant under arrest corroborated Longhofer's testimony and expressed his opinion that at such time the appellant was intoxicated.

Sheriff Harry Rathjen testified that he observed the appellant when he was brought to jail on the night in question and stated that in his opinion he was intoxicated at that time. He further identified a bottle of whisky which he took from appellant's automobile the following morning and which was introduced in evidence by the state.

Appellant did not testify or offer any evidence in his behalf.

The issue of appellant's guilt was submitted to the jury upon a charge of circumstantial evidence.

Appellant first insists that the evidence is insufficient to show that he was intoxicated because his actions after he became conscious were just as attributable to his injuries as to intoxication. Reliance is had upon Vasquez v. State, 166 Tex. Cr. R. 89, 311 S.W. 2d 828, where it was held that the opinion of a witness as to intoxication of an accused based upon facts which were as consistent with injury as with intoxication was insufficient to sustain a conviction. We are unable to agree that appellant's actions in cursing and fighting after he became conscious were as consistent with his injury as with his intoxication. The rule followed in the Vasquez case is not here applicable and the evidence is sufficient to show appellant's intoxication.

We are also unable to agree with appellant's contention that the evidence is insufficient to show that he was the driver of the automobile because it does not exclude the outstanding hypothesis that another person could have driven the automobile. The evidence shows that appellant was seated behind the steering wheel of the automobile after it had collided with the corner of the house. No other person was in the automobile or near the scene. All doors of the automobile were locked except the door on the driver's side. The evidence is clearly sufficient to exclude any outstanding hypothesis that some other person could have been the driver of the automobile.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed .

Opinion Approved by the Court.