CAREY P. HARRISON V. STATE

No. 33,580.   October 18, 1961

*L. R. Pearson,* and *Dewey Cox, Jr.,* Ranger, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is driving while intoxicated; the punishment, 15 days in jail and a fine of $150.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction.

The state's proof shows that on the night in question, appellant was arrested and taken into custody when he was found seated under the steering wheel of his automobile, which had been driven into and had struck a brick veneer house of one Buck Wallace, located at the corner of Hodges Street and West Main Street in the City of Ranger.

Mayor W. F. Creager, whose residence was on West Main Street across from the Wallace home, testified that on the night in question, while seated in his living room, he heard the tires of an automobile slide, heard the car strike an automobile parked in front of his house, then cross the street and hit the house. He stated that he immediately went outside and across the street, where he observed the appellant sitting alone in his car, under the wheel. At such time appellant was trying to back the automobile away from the house and the wheels were spinning in the sand. Mayor Creager testified that while he did not detect the odor of alcohol on appellant's breath, he did observe his actions at the scene and expressed his opinion that at such time appellant was under the influence of intoxicating liquor.

City Policeman E. W. Griffin testified that in response to a call, he went to the scene to investigate the collision; that when he arrived, some four or five minutes after the collision, appellant was still seated under the wheel of the automobile; and that after some thirty minutes he took appellant to the police station. He further testified that in his investigation he observed certain tire tracks which indicated that the automobile had traveled south on Hodges Street, across Main Street, and then back across the street into the yard of the Wallace home. Officer Griffin, in describing appellant's actions and appearance at the time, testified that his speech was slow, his eyes dilated, that he could not walk straight, and the officer expressed his opinion that appellant was under the influence of intoxicating liquor.

Chief of Police Patterson, who observed appellant after he was placed in jail, testified that at such time appellant's eyes were bloodshot, that he could not walk a line and could not walk without staggering, that twice he fell against the jail wall, that

he "laughed a little * * * just kind of had a chuckle, and didn't seem to be concerned, and he didn't seem to have control of his faculties at all." Chief Patterson further testified that appellant's breath definitely indicated the presence of alcohol, something like a "sweet alcoholic odor" and expressed his opinion that appellant was under the influence of alcoholic beverages.

Appellant did not testify, but called as a witness his employer, who testified that appellant had given no trouble with respect to drinking.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of circumstantial evidence.

We are unable to agree with appellant that the evidence is insufficient to show that he drove the automobile upon a public road or highway.

The evidence is undisputed that appellant was seated under the steering wheel of the automobile immediately after it collided with the house. No one else was in the automobile. Appellant was attempting to back the automobile away from the house. The automobile tracks on the street, curb, and yard evidenced the fact that the motor vehicle had been driven on Hodges and West Main Streets, both public thoroughfares and streets within the city. Similar evidence was held sufficient in Sanford v. State, 169 Tex. Cr. R. 388, 334 S.W. 2d 184, to show that the accused was the driver of an automobile upon a public highway.

Nor do we agree that the evidence is insufficient to show that appellant was under the influence of intoxicating liquor.

The opinions expressed by the three state's witnesses and the other facts and circumstances proven are sufficient to support the jury's finding on the issue of intoxication. While the proof does show that after the collision appellant had a cut lip and was semi-conscious, there was no proof that his semi-conscious condition was the result of injuries sustained in the collision. After the collision appellant was taken to the police station and placed in jail. He was able to sign his name to a ticket. There is no evidence that he was taken to a hospital.

In Vasquez v. State, 166 Tex. Cr. R. 89, 311 S.W. 2d 828, cited by appellant, the accused was taken from the scene of the collision, in an unconscious condition, to a hospital where he was

treated for injuries sustained in the collision. The only witness who expressed the opinion that he was intoxicated was a highway patrolman who observed him in the hospital. Such are not the facts in the instant case, where appellant was observed by three witnesses: two at the scene and the other, later, at the jail, who expressed their opinions that he was intoxicated.

The judgment is affirmed.

Opinion approved by the Court.