**Daniel A. RIOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39117.**

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

George T. Thomas, Big Springs, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder without malice under Article 802c, Vernon's Ann.P.C.; the punishment, five years.

The witness Holley testified that as he proceeded into an intersection on a green light his companion Grantham exclaimed, "Look out, we are going to get hit", that he looked to his right and saw an automobile so close upon him that he was unable to do anything to prevent it from crashing into his right front door. After the collision, Holley, Grantham, appellant and another Latin American were carried to the hospital. During the journey both Holley and appellant charged each other with having run a red light. Soon after arrival at the hospital, Grantham died. While the parties were at the hospital, Officer Hiltbruner asked appellant if he was the driver of the

Buick which collided with Holley's Lincoln, and he said that he was. Some three hours after the collision appellant gave his written consent to take a blood test, and some time thereafter the doctor in charge told the police that appellant was in no need of hospitalization, and he was released to them. Upon his arrival at the police headquarters, appellant was interrogated by Officer Scott and executed a written confession after being given a full warning. The following morning appellant was carried back to the hospital for a check up, and when he was returned, Scott again went over the matter with appellant and a second written confession was executed. The results of the blood test showed appellant to have had .13 percent of alcohol at the time the test was taken, which in the opinion of the expert was indicative of intoxication. Officer Hiltbruner expressed the opinion from his observation of appellant at the hospital that he was under the influence of intoxicants. The doctor who treated appellant expressed the opinion that appellant was under the influence of alcohol, but stated that in his opinion appellant had not consumed enough alcohol to affect his reflexes or his speech, but stated that the jovial manner of appellant and his companion manifested a general unconcern of the seriousness of what had happened. The witness Bell testified that she sold appellant three quarts of beer and a pint of wine some three hours prior to the collision.

Numerous pictures were introduced which demonstrated that the Buick had rammed the Lincoln in the right front door. A number of witnesses observed the Buick run numerous red lights before it ran through the one at the intersection where the collision occurred.

■ The above is a brief summary of this 500 page record. The facts will be discussed more fully in passing upon appellant's contentions raised by brief and in argument. His first contention is that the evidence is insufficient to corroborate his confessions that he was the driver of the Buick. He points to the testimony of the State's witnesses who witnessed the speeding and the collision and stresses that appellant was in the back seat of the Buick, that another young man was in the front seat when they first approached it after the accident, and that his other companion was nowhere in sight. Much of the weight of his argument is destroyed when we look to appellant's confession and there find the recitation "When I hit the car, I was thrown into the back seat and knocked out." We find the facts sufficient to corroborate appellant's confession that he was the driver at the time of the collision and to take this case out of the rule announced in Threet v. State, 157 Tex.Cr.R. 497, 250 S.W.2d 200, Spinks v. State, 156 Tex.Cr.R. 418, 243 S.W.2d 173, and the other cases upon which he relies. Bosquez v. State, 166 Tex.Cr.R. 147, 311 S.W.2d 855, supports the conclusion that the circumstantial evidence was sufficient to corroborate the confession.

■ He next contends that the Court erred in failing to instruct the jury of the necessity of the State's corroborating the confessions. In Hernandez v. State, 165 Tex.Cr.R. 329, 307 S.W.2d 88, we quoted from Johnson v. State, 117 Tex.Cr.R. 103, 36 S.W.2d 748, as follows:

"* * * It is the general rule that, 'where there is no doubt that the crime has been committed by somebody, and defendant's agency with it is shown alone by his confession, it is not reversible error to fail to charge that a conviction could not be had upon a confession alone.'"

■ Appellant's next contention is that the court commented on the weight of the evidence when he used the expression "his automobile" throughout the charge. This complaint is predicated on the assumption stated above that there was no proof to corroborate the confession. While no proof was introduced that appellant owned the Buick, we have concluded as shown above, that his confession that he was driving has

been sufficiently corroborated and that the court in his charge by the use of the possessive pronoun was merely directing the jury's attention to the automobile he was alleged to have driven. Since no question of ownership was in the case, we cannot bring ourselves to conclude that reversible error is shown.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.