Pedro **VASQUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40185.

Court of Criminal Appeals of Texas.

April 5, 1967.

Rehearing Denied May 24, 1967.

Tom L. Ragland, Samuel R. Jones, Waco, for appellant.

Don Hall, Ex-Dist. Atty., Martin Eichelberger, Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder without malice (Art. 802c, Vernon's Ann.P.C.); the punishment, five years.

In his brief filed in the trial court, appellant challenges the sufficiency of the evidence to support the conviction.

The state's evidence shows that on the day in question the appellant came to Waco from Dallas with two companions, Samuel Shelton and Herman Johnson. The three were traveling in a 1959 red-and-white Oldsmobile which Shelton had stolen in Dallas. Enroute to Waco they drank some beer and a half-gallon of wine which Shelton purchased on the way. After arriving in Waco around 3:30 p. m., another half-gallon of wine was purchased and they continued to drink. At approximately 9:30 p. m., they drove to the Ebony Motel, in company with Shelton's common-law wife. After parking the car, all of the parties except appellant got out and went into the motel. Appellant was left in the car on the back seat. At such time, in the opinion of the witness Shelton, appellant was intoxicated. When Shelton returned a few minutes later, the Oldsmobile was gone and also the appellant.

At approximately 10:20 p. m. on the night in question, a 1959 red-and-white Oldsmobile, which was being driven west on Elm Street in the city of Waco, collided head-on with a 1956 Pontiac station wagon in which Mr. and Mrs. Luther Alton Cagle and their two teen-age children were riding. In the collision, Mr. and Mrs. Cagle were killed and the two children injured. The collision occurred in the Pontiac's lane of traffic.

A witness, Sam Fuller, Jr., testified that he saw the image of one person in the Oldsmobile when it passed him, traveling in

the same direction, before the collision; that the Oldsmobile was in his line of vision at all times; and that he did not see anyone get out of the Oldsmobile.

There was also evidence that the Oldsmobile had struck another vehicle on Elm Street prior to the collision with the Pontiac.

Immediately after the collision, appellant was found lying on the front floorboard of the Oldsmobile, with his head up underneath the dashboard on the right side and his feet underneath steering wheel near the brake pedal and accelerator. At such time, appellant had cuts on his face and was bleeding. A gallon wine bottle, practically empty, with the cap off, was found on the front floorboard. A wet spot was on the floor near the bottle and there was a strong odor of alcohol in the car.

Witnesses who observed appellant at the scene expressed their opinion that he was drunk.

Dr. George W. Berry, who treated appellant at the hospital, testified that he had a strong odor of alcohol on his breath. At such time, appellant was suffering from injuries to his face, upper eyelid, and mouth, and was bleeding from those areas. He also had a cut on the left knee and an X-ray revealed a hairline fracture of the bone above the tooth line. In describing appellant's condition at the hospital, Dr. Berry testified that he was "stuperous" and in an "apparent state of intoxication." He further stated that appellant's stuperous condition was not caused from his injuries and that he found no brain damage. He expressed his opinion that at such time appellant was intoxicated.

Appellant did not testify but called as a witness Dr. Carl Friedman, a specialist in the field of neurology and psychiatry, who based his testimony upon certain hypothetical questions propounded to him.

In response to the hypothetical questions, Dr. Friedman testified that appellant's stuperous condition could have been caused from a blow to the head and that one could not conclude, beyond a reasonable doubt, that he was intoxicated.

The witness Betty Crawford was also called, and testified that she witnessed the collision from where she was sitting on her front porch and that immediately after the collision she saw someone walk from behind the Oldsmobile.

Witnesses were also called who testified that they were acquainted with appellant and that they had never seen him drive an automobile.

We overrule appellant's contention that the evidence is insufficient to support the conviction because the state failed to prove that he was the driver of the automobile and that he was intoxicated.

■ The evidence of appellant's presence in the automobile, alone, immediately after the collision, with his feet under the steering wheel, was sufficient proof that he was the driver of the vehicle. Sandford v. State, 169 Tex.Cr.R. 388, 334 S.W.2d 184; Harrison v. State, 171 Tex.Cr.R. 329, 350 S.W. 2d 204.

■ The opinions expressed by the witnesses of appellant's intoxication and the other facts and circumstances were sufficient to support the jury's finding on this issue.

This case is distinguishable, upon the facts, from Vasquez v. State, 166 Tex.Cr.R. 89, 311 S.W.2d 828, and Thurman v. State, 167 Tex.Cr.R. 21, 317 S.W.2d 737, cited by appellant, where the opinions of the witnesses were based upon facts as consistent with injury as with intoxication. In the present case there is the opinion testimony of one witness that appellant was intoxicated before the collision in which he received the injuries. Also there was a dispute in the testimony as to whether appellant was unconscious or merely in a stupor after the collision. Further, there is the testimony of Dr. Berry that appellant's

injuries did not cause his stuporous condition.

We also overrule appellant's contention that the court erred in refusing to charge the jury on circumstantial evidence because there was no direct evidence that he was driving the automobile at the time of the collision.

■ It is the rule that when the facts proved are in such close juxtaposition to the main fact sought to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required. Smith v. State, 161 Tex.Cr.R. 620, 273 S.W. 2d 623; Cave v. State, 161 Tex.Cr.R. 107, 274 S.W.2d 839.

■ The facts in the instant case are in such close juxtaposition to the fact sought to be proved as to be equivalent to direct evidence that appellant was driving the automobile at the time of the collision.

Error is urged to an instruction given by the court in response to a note from the jury requesting the testimony of a witness in the case.

■ At the trial, a portion of the testimony of the appellant's witness Betty Crawford, given at a former trial, was read to the jury. While the jury was deliberating upon a verdict, a note signed by its foreman was sent to the court which read:

"The jury in deliberation of the Pedro Vasquez trial request all photographs entered as evidence. Also a copy of the previous trial testimony of Betty Crawford as read by the Court Reporter."

In response thereto the court instructed the jury as follows:

"Members of the Jury:

"The Court has received the following communication from the jury:

" 'The jury in deliberation of the Pedro Vasquez trial requests all photographs en-

tered as evidence. Also a copy of the previous trial testimony of Betty Crawford as read by the Court Reporter. James E. Gross, Foreman.'

"In response to your request stated above, the bailiff is instructed to carry the photographs to the jury room for your use. A copy of the previous trial testimony of Betty Crawford as read by the court reporter will not be supplied to the jury."

Appellant objected to the court's instruction because it did not inform the jury that it could have the witness's testimony read to it and also that it could have that portion of the witness's testimony read about which it was in dispute.

Art. 36.28 of the Vernon's Ann.1965 Code of Criminal Procedure provides, in part, as follows:

"In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness [sic] testimony or the particular point in dispute, and no other * * *."

The jury did not indicate that it was in dispute as to any portion of the witness's testimony. We know of no authority which required the court to direct the jury's attention to the provisions of the statute. We perceive no error.

■ Error is urged to the court's action in permitting Officer Horton to testify on redirect examination that, based upon his investigation, he determined that Sammy Shelton was not in the Oldsmobile at the time of the collision. Appellant objected to the testimony on the ground that it invaded the province of the jury and called for a conclusion of the witness.

The record reflects that on prior cross-examination of the witness, appellant had inquired if he had information that Sammy

Shelton was in the car and if he believed it. The witness had answered that he did have such information and checked on it. Under the record it appears that appellant had gone into the matter and he therefore cannot complain of the state's pursuit of the same on redirect examination. See: Art. 38.24, Vernon's Ann.C.C.P. of 1965.

Appellant's remaining point of error is that the trial court erred in unduly limiting his right to fully cross-examine four of the state's witnesses and thereby denied him the right to fully confront the witnesses against him.

We have carefully considered the court's ruling made on appellant's cross-examination of the witnesses and find no abuse of discretion. The point is overruled.

The judgment is affirmed.