Harold HOLLINGSWORTH, Appellant,

v.

The STATE of Texas, Appellee.

No. 40489.

Court of Criminal Appeals of Texas.

July 26, 1967.

On Second Motion to Reinstate Appeal
Nov. 1, 1967.

Roddy L. Harrison, Pecos, Murray J. Howze, Monahans, for appellant.

Dixon Mahon, Dist. Atty., Ozona, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON MOTION TO REINSTATE APPEAL

ONION, Judge.

On original submission, this Court observed that no notice of appeal had been given as required by Article 44.08, Vernon's Ann.C.C.P. and dismissed the appeal.

The motion to reinstate the appeal points out that on December 19, 1966, when the trial judge overruled the amended motion for new trial, notice of appeal was given, but through error, inadvertence and oversight, the notice of appeal was not filed or otherwise made a part of the record. To such motion to reinstate is attached a certificate of the trial judge verifying that notice of appeal was given at the time of his overruling of the motion for a new trial and stating that no formal order overruling the motion for new trial and incorporating the notice of appeal was ever reduced to writing or filed.

It is observed that the sentence was not pronounced until January 31, 1967.

Article 42.02, V.A.C.C.P., 1965, requires a sentence must be pronounced in every felony case and in every misdemeanor case, except where the maximum possible punishment is by fine only. Such sentence must be pronounced before the appeal is taken and is requisite to the appeal. Article 42.04, V.A.C.C.P., 1965.

Prior to the effective date of the 1965 Code of Criminal Procedure, notice of appeal in ordinary felony cases was permitted to be given either before or after sentence was pronounced. Article 829, V.A.C.C.P., 1925, DeLuna v. State, Tex.Cr.App., 387 S.W.2d 678; Gutierrez v. State, Tex.Cr. App., 386 S.W.2d 286.

Article 44.08(c), V.A.C.C.P., 1965, now provides, however, that in all cases, except where the death penalty has been assessed or the imposition of the sentence suspended in probation cases, notice of appeal shall be given or filed within ten (10) days after sentence is pronounced. It clearly appears, therefore, that the giving of notice of appeal prior to the pronouncement of sentence, as in the case at bar, is ineffective.

We observe, however, that Article 44.08(e), V.A.C.C.P., provides that the trial court, for good cause shown, may permit the giving of notice of appeal after the expiration of such ten days mentioned in Article 44.08(c), supra. Upon a showing of good cause, the trial court in the case at bar may still permit the giving of notice of appeal, and in such event, proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P., 1965.

The motion to reinstate the appeal is overruled.

## ON APPELLANT'S SECOND MOTION TO REINSTATE APPEAL

ONION, Judge.

In accordance with Article 44.08(e), V.A. C.C.P., the trial court has, for good cause shown, permitted the giving of notice of appeal after the elapse of more than ten (10) days since the pronouncement of sentence. The appeal has now been perfected. We shall thus consider the ground of error set forth in appellant's brief.

This prosecution for Murder without Malice under the provisions of Article 802c V.A.P.C., was tried in Reeves County following a change of venue from Pecos County. The punishment assessed by the jury against appellant was two (2) years confinement in the Texas Department of Corrections.

Appellant vigorously challenges the jury's finding by their general verdict that appellant drove a motor vehicle on the occasion in question, an essential element of the offense denounced by Article 802c, supra.

The record reflects that on a cold, misty-rainy midafternoon, December 18, 1965, Mike McAllister was killed when the 1965 Ford Mustang in which he was riding with Glenn Draper and Hank Hardwick, and which was being driven by Terry Gilley, collided head-on with a white 1961 Chevrolet at the intersection of Young Street, Seventh Street and Railroad Avenue in Fort Stockton, Texas.

Hank Hardwick, the only eye witness offered by the State, testified that the last thing he remembered before regaining consciousness in the hospital was a white Chevrolet coming toward them in the northbound lane of traffic and that the Chevrolet's right front wheel was on the center stripe. No testimony was elicited from him as to his ability to identify the driver of the Chevrolet or the number of its occupants.

The only testimony suggesting the identity of the driver of the Chevrolet was that of Fred Capers, a Fort Stockton police officer, who related that when he arrived at the scene of the collision some time after its occurrence he observed the appellant seated alone inside the Chevrolet "on the left hand half of the automobile," but that he "was not exactly under the wheel * * *." He related that he could not testify of his own knowledge that appellant was the driver of the Chevrolet or who had been in the car before his arrival.

The other two witnesses relied upon by the State in the presentation of its case did not testify as to appellant's presence at the scene of the collision. Appellant offered no evidence.

We observe that no evidence was offered relating to the vehicle registration or ownership of the Chevrolet. The record does not reflect what injuries, if any, were suffered by Draper and Gilley, the other occupants of the Mustang, or why they were not available as witnesses. Officer Capers related that upon his arrival at the scene a number of persons were present, but none of these by-standers were called as witnesses nor was their absence accounted for. Compare Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251.

We have been called upon recently to review any number of cases where the State has relied upon circumstantial evidence, as in the case at bar, to establish that the appellant was the driver of the automobile in question. In many of these cases we have found, under the facts presented, the evidence sufficient to support the conviction. See Rios v. State, Tex.Cr.App., 398 S.W.2d 281; Hughes v. State, 161 Tex.Cr. R. 300, 276 S.W.2d 813; Harrison v. State, 171 Tex.Cr.R. 329, 350 S.W.2d 204; Sandford v. State 169 Tex.Cr.R. 388, 334 S.W.2d 184; Thomas v. State, 171 Tex.Cr.R. 329, 283 S.W.2d 933; Holder v. State, 172 Tex. Cr.R. 153, 354 S.W.2d 153; Turner v. State, 164 Tex.Cr.R. 410, 299 S.W.2d 712; Morgan v. State, 164 Tex.Cr.R. 442, 300 S.W.2d 82. These cases can be distinguished from the case at bar on their facts.

■ Even viewing the evidence in the light most favorable to the jury's verdict, we cannot conclude that the evidence here presented is sufficient to show that appellant drove the white Chevrolet in question. See Avants v. State, 170 Tex.Cr.R. 307, 340 S.W.2d 817; Duran v. State, 171 Tex.Cr.R. 535, 352 S.W.2d 739; Spinks v. State, 156 Tex.Cr.R. 418, 243 S.W.2d 173. Circumstantial evidence cannot sustain a conviction if the circumstances proved do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to a strong suspicion or mere probability is insufficient. Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56; Small v. State, Tex.Cr.App., 365 S.W.2d 18; Garrett v. State, Tex.Cr.App., 366 S.W.2d 584 24 Tex.Jur.2d Evidence, Sec. 729, p. 403.

The judgment is reversed and cause remanded.