**Servando SANDOVAL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40767.**

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 24, 1968.

**459**

F. B. Godinez, Jr., Pharr, Nago Alaniz, San Diego, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is a violation of Article 802c, Vernon's Ann.P.C., charging that appellant, while intoxicated, drove his automobile into a parked wrecker, thereby severing the leg of the son of the driver of the wrecker. The punishment is three years.

Appellant's first ground of error is that the State failed to prove that appellant was the driver of the automobile which caused the injury. Patrolman Zuniga, who arrived upon the scene of the collision shortly after it had occurred, testified that he walked up to appellant and asked him "what happened", and appellant "said he was coming—He was driving that car and was coming south and he had a green light and those people got in front of him and he had the accident."

It was abundantly established that it was not a green light, but rather a blinking red light, that appellant was intoxicated and was at the scene, and that the automobile which caused the injury was registered in appellant's name and that no one else was with him in his automobile.

These facts authorize an affirmance of this cause under the authority of the holding of this Court in Thomas v. State, 162 Tex.Cr.R. 268, 283 S.W.2d 933, and Hughes v. State, 161 Tex.Cr.R. 300, 276 S.W.2d 813.

Appellant's second ground of error seems to be that he was never taken before a magistrate. We fail to see the importance of such contention. He was clearly not under arrest at the time he made the statement quoted above, because Officer Zuniga asked him "what happened," clearly indicating that he did not at that juncture know who was responsible for the accident.

Finding no reversible error, the judgment is affirmed.