**David Ramirez PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41509.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Ramon Ramos, Jr., El Paso, for appellant.

Jack N. Fant, County Atty., D. L. Armstrong, Asst. County Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction was for driving while intoxicated; the punishment assessed by a jury was seven days in the county jail and a fine of one hundred dollars.

The appellant contends that the trial court erred in refusing to charge the jury that one of the elements of the offense charged is that the accused must have been driving a motor vehicle upon a public road, and that the only evidence offered to prove this element was an admission of the appellant. The appellant further contends that the law requires any admission of an accused, if said admission is that which established the corpus delicti or any of its elements, must be corroborated, and if not corroborated, the accused may not be found guilty of the offense charged, and the court's refusal to so charge the jury was error.

The evidence reveals that shortly after midnight, Benito Juarez came out of his residence about fifteen seconds after hearing "a lot of scraping, and breaking and racket." Juarez found that an automobile with the appellant seated behind the steering wheel had crashed into his car and front porch. Juarez testified that the appellant was the only person in the car when he came out of his house. Officer Martinez of the El Paso County Sheriff's De-

partment testified that when he arrived at the scene he found an automobile in the front yard, and found tire tracks leading from a black-top road in front of the residence. The officer also testified that a tree and a fence had been torn down and that a car belonging to Juarez had been damaged. It was further shown that the black-top road was a public road in the county of El Paso. Juarez and Officer Martinez both testified that the appellant was intoxicated. When Officer Martinez arrived at the scene, the appellant immediately identified himself as being the driver of the vehicle which had crashed into the yard and porch.

The appellant did not testify or offer any evidence in his behalf.

The facts and circumstances in evidence are sufficient, independent of appellant's admission, to authorize the finding that the appellant was driving the car as alleged; and such independent proof sufficiently corroborates his admission that he was the driver of the car. The grounds of error are overruled. Rios v. State, Tex.Cr.App., 398 S.W.2d 281.

The judgment is affirmed.