Joseph Roger THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–055–CR.

Court of Appeals of Texas,
Texarkana.

Aug. 2, 1988.

Discretionary Review Refused Nov. 9, 1988.

Clifton Holmes, Longview, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

GRANT, Justice.

Joseph Roger Thomas appeals his conviction of the offense of involuntary manslaughter. The jury assessed his punishment at two years confinement in the Texas Department of Corrections.

Tex.Penal Code Ann. § 19.05 (Vernon Supp.1988) states that a person commits the crime of involuntary manslaughter if he "by accident or mistake when operating a motor vehicle ... while intoxicated and, by reason of such intoxication, causes the death of an individual." The indictment of Thomas charges that he operated his motor vehicle while intoxicated, and by reason of such intoxication caused the death of Kerri Mankins by driving his motor vehicle into her vehicle.

On December 1, 1984, sometime after midnight, a Chevrolet van collided with a Pontiac T1000 on the Cypress Bridge on Highway 271, approximately four and one-half miles south of Mount Pleasant. The driver of the automobile, Kerri Mankins, was pronounced dead at the scene, and the passenger in the automobile was injured.

Thomas contends that the trial court erred in overruling his motion for an instructed verdict on the basis that the evidence was insufficient as a matter of law to prove that he operated a vehicle while intoxicated.

■ In determining whether the evidence is sufficient to support a conviction for a charged offense, the standard of review is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573 (Tex.Crim.App.1985).

First, we examine the evidence of Thomas's intoxication. Ira Covington was the Department of Public Safety officer who investigated the accident and had an opportunity to observe Thomas both at the scene and later at the hospital where a sample of his blood was taken. Covington testified that in his opinion Thomas was intoxicated. No objection was made to this opinion testimony. Randal Markel, a chemist with the Texas Department of Public Safety, testified that Thomas's blood sample contained .13 percent alcohol. Markel was not asked to testify as to the significance of that amount of alcohol in the blood, but he did testify that consumption of one beer or one fluid ounce of alcohol would produce approximately .02 percent blood alcohol count. Thus, the jury could have concluded that Thomas had consumed approximately six and one-half beers or six and one-half fluid ounces of alcohol. Scott Andrews, who was the first person to arrive on the accident scene, testified that Thomas appeared to be "kind of dazed, stunned, maybe drunk."[1] The evidence is sufficient for a rational trier of fact to have found beyond a reasonable doubt that Thomas was intoxicated.

---

1. The evidence indicated that Thomas's dazed appearance was not because of injury. Andrews testified that the only injury that he observed Thomas to have was a cut on his lip.

Officer Covington testified that he accompanied Thomas to the hospital and that the only injuries Thomas was found to have were minor scratches and bruises.

We must next examine the evidence to determine its sufficiency to show that Thomas was driving the van at the time it collided with the Mankins's automobile and to link Thomas's intoxication to the time when the collision occurred.

Officer Covington testified that he arrived on the accident scene in approximately ten minutes and as soon as possible after he had received the call notifying him of its occurrence. He further testified that "[t]he vehicle that was southbound was the vehicle drove (sic) by Joseph Thomas." The officer further testified that, based upon the accident scene, the van left the southbound lane, encroached into the northbound traffic lane, and collided with the car driven by Kerri Mankins.

Scott Andrews testified that when he came to the scene of the accident, he went to the van and found "an older man kind of hovered over the steering wheel," whom he identified as Thomas. He testified that Thomas asked him, "What the f— happened?" Andrews also testified that he saw the vehicles immediately after the wreck and that he opened the door and helped Thomas out of the van because the van was still smoking. He testified that a whiskey bottle fell out of the van when he opened the door.

This case is to be distinguished from the line of cases in which there was more than one person found in a stopped vehicle. *Young v. State*, 544 S.W.2d 421 (Tex.Crim. App.1976); *Duran v. State*, 171 Tex.Crim. 535, 352 S.W.2d 739 (1962); *Coleman v. State*, 704 S.W.2d 511 (Tex.App.–Houston [1st Dist.] 1986, pet. ref'd). Rather, this is a case in which the officer found no one else associated with the van except Thomas, and the first person on the scene found Thomas to be the only person in the vehicle. *Perez v. State*, 432 S.W.2d 954 (Tex. Crim.App.1968); *Sandoval v. State*, 422 S.W.2d 458 (Tex.Crim.App.1967); *Thomas v. State*, 162 Tex.Crim. 268, 283 S.W.2d 933 (1955); *Hughes v. State*, 161 Tex.Crim. 300, 276 S.W.2d 813 (1955). The testimony that the van was still smoking is significant evidence to show recent operation of the van. *Green v. State*, 640 S.W.2d 645 (Tex.

App.–Houston [14th Dist.] 1982, no pet). Analogous evidence is found in the case of *Rawls v. State*, 318 S.W.2d 662 (Tex.Crim. App.1958), in which the court places significance on the vehicle's engine being still hot. In the case of *Keenan v. State*, 700 S.W.2d 12 (Tex.App.–Amarillo 1985, no pet.), the court held that sufficient evidence existed to support the conviction of driving while intoxicated in a situation in which the evidence showed that the defendant was the only person in a vehicle parked predominantly on the road with its lights on and with exhaust coming from the vehicle's tailpipe (observed by a witness on at least one occasion).

In two recent cases, courts of appeals have held the evidence to be insufficient to support driving while intoxicated convictions when the defendant was found intoxicated and slumped over the steering wheel of a parked automobile with its motor running. *Ballard v. State*, 757 S.W.2d 389 (Tex.App–Houston [1st Dist.] 1988) (motion for rehearing pending); *Reddie v. State*, 736 S.W.2d 923 (Tex.App.–San Antonio 1987, no pet.). The present case is distinguishable from these cases because of the existence of strong circumstantial evidence showing that Thomas and the van had been involved in a collision while travelling on the highway just prior to the witnesses observing Thomas's intoxication.

■ In oral argument, Thomas's counsel contended that there was insufficient evidence to show that Kerri Mankins's death was caused by Thomas's intoxication. (Although this was not raised by Thomas's single point of error, we address this issue.) The existence or nonexistence of such a causal connection is normally a question for the jury's determination. *Hardie v. State*, 588 S.W.2d 936 (Tex.Crim. App.1979); *Fletcher v. State*, 166 Tex. Crim. 561, 317 S.W.2d 57 (1958). The evidence of Thomas's intoxication coupled with evidence that he drove the van into the lane in which the Mankins vehicle was travelling is sufficient proof from which the jury could infer that Thomas's intoxication impairment caused the collision.

We find that the evidence is sufficient for a rational trier of fact to have found beyond a reasonable doubt that Thomas was the driver of the van, that he was intoxicated at the time of the collision, and that his intoxication was the causation of the death of Kerri Mankins.

The judgment of the trial court is affirmed.