NO. 07-05-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 11, 2006

_____

ALEX BALDOMINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,890; HON. BRAD UNDERWOOD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Alex Baldomino (appellant) appeals his conviction for aggravated assault with a deadly weapon, *i.e.* a motor vehicle. His three issues concern 1) the legal sufficiency of the evidence showing that his intoxication caused the accident, 2) the factual sufficiency of the evidence showing he was the driver of the vehicle when the accident occurred, and 3) the admissibility of results of a blood test requested by the investigating officer.[1] We affirm the judgment of the trial court.

---

[1]We will consider the issues in reverse order.

## *Background*

The case involves appellant and Oscar Pena riding in appellant's truck during the wee hours of the morning after spending a night drinking multiple intoxicating beverages. As the truck proceeded adjacent to the local interstate at a high rate of speed, it flipped and rolled several times. Appellant suffered visible injuries to his hand. Though Pena purportedly suffered no visible external injuries, he broke his neck and suffered significant paralysis.

## *Issue Three – Admissibility of the Blood Test Results*

Appellant contends in his third point that the trial court erred in refusing to suppress the evidence of his "pre-arrest blood test." The results purportedly were inadmissible because his consent to undergo the test was involuntary. And, his consent supposedly was involuntary because he was allegedly too drunk and confused to give effective consent. We overrule the issue.

The record illustrates that two blood specimens were drawn from appellant. One was done at the behest of the investigating officer, and this was the test forming the basis of appellant's motion to suppress. The other specimen was taken by hospital personnel prior to the officer's request. Moreover, its results were admitted into evidence without objection and illustrated a higher blood alcohol level than the results derived from the specimen solicited by the officer. Given evidence like that to which appellant objected was admitted elsewhere without objection, we cannot say that the trial court's refusal to grant the motion to suppress was harmful, assuming of course it was erroneous. *See Hur v. City of Mesquite*, 893 S.W.2d 227, 230 (Tex. App.–Amarillo 1995, writ denied) (holding that

error arising from the admission of evidence is deemed harmless when the same or similar evidence is admitted elsewhere without objection).

### Issue Two – Factual Sufficiency

As previously mentioned, appellant complains via his second issue that the evidence was factually insufficient to illustrate that he was the driver of the truck when it flipped. We overrule the issue.

We review the issue under the standard expressed in *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004). The litigants are referred to that case for a discussion of the relevant standard.

Next, appellant asserts that more is needed to prove he drove the vehicle than simply his own statement to the officer. Assuming this to be true, the record nonetheless contains that additional evidence. It comes in the form of 1) appellant's statement to an attending nurse that he injured his hand because it was resting on the "window sill on top of the truck" while he "was driving," 2) Oscar Pena's testimony that appellant was driving because he, Pena, "was too drunk to drive," 3) an EMS attendant's testimony that the driver had injured his left hand, 4) the evidence that appellant, as opposed to Pena, had sustained injuries to his left hand, 5) the testimony that appellant obtained through artifice or deceit an affidavit containing Pena's alleged signature and expressing that Pena drove the truck at the time of the incident, and 6) the evidence that Pena was paralyzed and could not move his arms or hands on the date the affidavit was executed.

Admittedly, others testified that they saw Pena driving the truck at one point or another before the incident occurred. So too was there testimony that appellant was the passenger when the two left their last drinking stop and that appellant's blood appeared

3

adjacent to the passenger area of the cab.  But, again, both sightings occurred sometime before the incident, not immediately before it.  Furthermore, appellant's own expert eventually conceded that the blood stains could have been caused by the driver while he was being attended to by medical personnel.  Simply put, the evidence cited by appellant as favoring acquittal was less than indisputable.  At best, it merely created issues of fact regarding the driver's identity, the resolution of which lay in the province of the jury. *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995) (stating that "[r]econciliation of conflicts in the evidence is within the exclusive province of the jury").  And, simply because the jury resolved those conflicts in a manner favoring conviction does not mean the evidence was factually insufficient to support the verdict.  *Herrero v. State,* 124 S.W.3d 827, 835 (Tex. App.–Houston [14th Dist.] 2003, no pet.).

In sum, more than ample evidence illustrated appellant was the driver.  That evidence was neither weak nor outweighed by any contradictory evidence.  So, upon reviewing the entirety of the record in a neutral light, we can say that the jury was rationally justified in finding guilt beyond reasonable doubt.

### *Issue One – Legal Sufficiency*

Lastly, we address the contention that the evidence was legally insufficient to establish that appellant's intoxication caused the accident.  We overrule this point as well.

The applicable standard of review is found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Furthermore, for purposes of this issue, we assume that the State had to prove the accident was caused by appellant's intoxication.

Next, before us we have evidence that appellant was driving the truck when it flipped, that he was driving at a high rate of speed, and that he was highly intoxicated at

4

the time (a fact no one disputes). According to our Court of Criminal Appeals, a factfinder may legitimately infer from the fact of driving while intoxicated that the ensuing accident was caused by the driver's intoxication. *Ex parte Taylor,* 101 S.W.3d 434, 443 n.27 (Tex. Crim. App. 2002) (stating that from the fact of appellant's drinking, the jury could infer that he was intoxicated and that such intoxication was the cause of the accident); *accord, Thomas v. State,* 756 S.W.2d 59, 61 (Tex. App.–Texarkana 1988, pet. ref'd) (stating that evidence of intoxication along with evidence that the defendant drove his van into the lane in which the other vehicle was traveling was sufficient proof that defendant's intoxication caused the accident). Thus, the record contains some evidence upon which a rational factfinder could conclude beyond reasonable doubt that appellant's inebriation caused the truck to flip and injure Pena.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.