NO. 07-05-0286-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 11, 2006


______________________________



ALEX BALDOMINO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405,890; HON. BRAD UNDERWOOD, PRESIDING


_______________________________



 Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Alex Baldomino (appellant) appeals his conviction for aggravated assault with a
deadly weapon, i.e. a motor vehicle. His three issues concern 1) the legal sufficiency of
the evidence showing that his intoxication caused the accident, 2) the factual sufficiency
of the evidence showing he was the driver of the vehicle when the accident occurred, and
3) the admissibility of results of a blood test requested by the investigating officer. (1) We 
affirm the judgment of the trial court. 

Background


 The case involves appellant and Oscar Pena riding in appellant's truck during the 
wee hours of the morning after spending a night drinking multiple intoxicating beverages. 
As the truck proceeded adjacent to the local interstate at a high rate of speed, it flipped and
rolled several times. Appellant suffered visible injuries to his hand. Though Pena
purportedly suffered no visible external injuries, he broke his neck and suffered significant
paralysis.

Issue Three - Admissibility of the Blood Test Results 
 

 Appellant contends in his third point that the trial court erred in refusing to suppress
the evidence of his "pre-arrest blood test." The results purportedly were inadmissible
because his consent to undergo the test was involuntary. And, his consent supposedly
was involuntary because he was allegedly too drunk and confused to give effective
consent. We overrule the issue.

 The record illustrates that two blood specimens were drawn from appellant. One
was done at the behest of the investigating officer, and this was the test forming the basis
of appellant's motion to suppress. The other specimen was taken by hospital personnel
prior to the officer's request. Moreover, its results were admitted into evidence without
objection and illustrated a higher blood alcohol level than the results derived from the
specimen solicited by the officer. Given evidence like that to which appellant objected was
admitted elsewhere without objection, we cannot say that the trial court's refusal to grant
the motion to suppress was harmful, assuming of course it was erroneous. See Hur v. City
of Mesquite, 893 S.W.2d 227, 230 (Tex. App.-Amarillo 1995, writ denied) (holding that
error arising from the admission of evidence is deemed harmless when the same or similar
evidence is admitted elsewhere without objection).

Issue Two - Factual Sufficiency


 As previously mentioned, appellant complains via his second issue that the
evidence was factually insufficient to illustrate that he was the driver of the truck when it
flipped. We overrule the issue.

 We review the issue under the standard expressed in Zuniga v. State, 144 S.W.3d
477 (Tex. Crim. App. 2004). The litigants are referred to that case for a discussion of the
relevant standard.

 Next, appellant asserts that more is needed to prove he drove the vehicle than
simply his own statement to the officer. Assuming this to be true, the record nonetheless
contains that additional evidence. It comes in the form of 1) appellant's statement to an
attending nurse that he injured his hand because it was resting on the "window sill on top
of the truck" while he "was driving," 2) Oscar Pena's testimony that appellant was driving
because he, Pena, "was too drunk to drive," 3) an EMS attendant's testimony that the
driver had injured his left hand, 4) the evidence that appellant, as opposed to Pena, had
sustained injuries to his left hand, 5) the testimony that appellant obtained through artifice
or deceit an affidavit containing Pena's alleged signature and expressing that Pena drove
the truck at the time of the incident, and 6) the evidence that Pena was paralyzed and
could not move his arms or hands on the date the affidavit was executed. 

 Admittedly, others testified that they saw Pena driving the truck at one point or
another before the incident occurred. So too was there testimony that appellant was the
passenger when the two left their last drinking stop and that appellant's blood appeared
adjacent to the passenger area of the cab. But, again, both sightings occurred sometime
before the incident, not immediately before it. Furthermore, appellant's own expert
eventually conceded that the blood stains could have been caused by the driver while he
was being attended to by medical personnel. Simply put, the evidence cited by appellant
as favoring acquittal was less than indisputable. At best, it merely created issues of fact
regarding the driver's identity, the resolution of which lay in the province of the jury. 
Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995) (stating that
"[r]econciliation of conflicts in the evidence is within the exclusive province of the jury"). 
And, simply because the jury resolved those conflicts in a manner favoring conviction does
not mean the evidence was factually insufficient to support the verdict. Herrero v. State,
124 S.W.3d 827, 835 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

 In sum, more than ample evidence illustrated appellant was the driver. That
evidence was neither weak nor outweighed by any contradictory evidence. So, upon
reviewing the entirety of the record in a neutral light, we can say that the jury was rationally
justified in finding guilt beyond reasonable doubt. 

Issue One - Legal Sufficiency


 Lastly, we address the contention that the evidence was legally insufficient to
establish that appellant's intoxication caused the accident. We overrule this point as well. 

 The applicable standard of review is found in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, for purposes of this issue, we assume
that the State had to prove the accident was caused by appellant's intoxication. 

 Next, before us we have evidence that appellant was driving the truck when it
flipped, that he was driving at a high rate of speed, and that he was highly intoxicated at
the time (a fact no one disputes). According to our Court of Criminal Appeals, a factfinder
may legitimately infer from the fact of driving while intoxicated that the ensuing accident
was caused by the driver's intoxication. Ex parte Taylor, 101 S.W.3d 434, 443 n.27 (Tex.
Crim. App. 2002) (stating that from the fact of appellant's drinking, the jury could infer that
he was intoxicated and that such intoxication was the cause of the accident); accord,
Thomas v. State, 756 S.W.2d 59, 61 (Tex. App.-Texarkana 1988, pet. ref'd) (stating that
evidence of intoxication along with evidence that the defendant drove his van into the lane
in which the other vehicle was traveling was sufficient proof that defendant's intoxication
caused the accident). Thus, the record contains some evidence upon which a rational
factfinder could conclude beyond reasonable doubt that appellant's inebriation caused the
truck to flip and injure Pena. 

 Having overruled all of appellant's issues, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish.

1. We will consider the issues in reverse order.