OPINION
DUNN, Justice.
The trial court found appellant guilty of the offense of driving while intoxicated and sentenced him to a $400 fine and 120 days confinement, probated. Because the sufficiency of the evidence is challenged, the facts will be discussed in detail.
On October 13, 1984, at approximately 2:30 a.m., two officers of the Houston Police Department were dispatched to the scene of a traffic accident. Upon arrival, the officers observed three or four people standing near two stationary automobiles. Officer Schirck testified that when he asked who had been driving the rear vehicle at the time of the accident, appellant answered that he had. Officer Ocasio testified that appellant also stated that he had “run into” the vehicle in front of him. During this initial questioning, it was determined that appellant had another person in the car with him.
While continuing the investigation at the scene, Officer Schirck noticed that appellant had a strong odor of alcohol on his breath, was unsure of his balance, and swayed when he walked. The officer administered a field sobriety test to appellant, concluded that he was indeed intoxicated, and placed him under arrest for driving while intoxicated.
Appellant was transported to the H.P.D. Accident Division, where he submitted to an intoxilyzer sobriety test, administered by a certified operator. The result of that test showed an alcohol concentration of .18 percent. The operator of the test also formed the opinion that appellant was intoxicated, based upon his independent observation of appellant.
The conviction was based upon the preceding testimony. Appellant did not testify-
In his first ground of error, appellant asserts that the evidence is insufficient to sustain his conviction for driving while intoxicated. We agree.
The elements necessary to establish the offense of driving while intoxicated are that: (1) the defendant (2) drove or operated a motor vehicle (3) while intoxicated (4) in a public place. Tex.Rev.Civ.Stat.Ann. art. 6701Z-l(b) (Vernon Supp.1986).
*512 Here, as appellant argues, there is nothing in the record before us to show that he operated a motor vehicle while intoxicated. Testimony indicates that he was intoxicated when the officers arrived at the scene of the accident, but there is no evidence, other than his own extrajudicial confession, to show that appellant was driving the vehicle, and no evidence whatsoever to show that he was intoxicated at the time he was driving. Therefore, the evidence is insufficient to support appellant’s conviction for driving while intoxicated. Duran v. State, 352 S.W.2d 739 (Tex.Crim.App.1962) (evidence held insufficient where defendant was shown to be intoxicated, and the driver of the auto, but no evidence linked the time of the accident with the time of his intoxication). We sustain appellant’s first ground of error.
Appellant’s second ground of error contends that the evidence is insufficient to establish the corpus delicti of driving while intoxicated, because the only evidence that he was driving the car was his own extrajudicial admission to the investigating officers.
As stated above, the corpus delicti of drunken driving consists of the fact that someone operated a motor vehicle in a public place while intoxicated. The accused’s confession cannot, itself, establish such fact. Threet v. State, 250 S.W.2d 200 (Tex.Crim.App.1952).
The State argues that appellant’s extrajudicial confession that he was driving the car is sufficient to affirm appellant’s conviction for driving while intoxicated, if it is corroborated by other evidence tending to show the truth of his statement. For this proposition, the State cites Sandoval v. State, 422 S.W.2d 458 (Tex.Crim.App.1967), and Perez v. State, 432 S.W.2d 954 (Tex.Crim.App.1968). The facts of these two cases are distinguishable from the case before this court. In Sandoval, the defendant’s statement at the accident scene was corroborated by evidence that the car was registered in his name and that no one else was with him. In Perez, sufficient corroboration was provided by a witness who heard “a lot of scraping, and breaking and racket” and immediately came out of his house to find that a car, containing only the defendant, had crashed into his porch.
Appellant’s second ground of error is also sustained, and the judgment of the trial court is reversed and rendered to show a judgment of acquittal.